Don Bivens, State Bar No. 005134
Michael K. Dana, State Bar No. 019047
BIVENS & NORE, P.A.
3003 North Central Avenue
Suite 1200
Phoenix, Arizona  85012-2915
(602) 604-2200
dwbivens@bivens-nore.com

Attorneys for Plaintiffs Factory Mutual Insurance Company and FM Approvals LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Factory Mutual Insurance Company and FM Approvals, LLC,<br><br>                          Plaintiffs,<br><br>        v.<br><br>Fire Materials Group, LLC,<br><br>                          Defendant. | NO. CIV 06-AT-10083<br><br>**COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

Plaintiff Factory Mutual Insurance Company, doing business as "FM Global" (hereinafter "FM Global") and Plaintiff FM Approvals LLC (hereinafter "FM Approvals") (collectively "Plaintiffs") file this Complaint involving trademark infringement and unfair competition against Defendant Fire Materials Group LLC (hereinafter "Fire Materials"), and in support thereof state as follows:

### THE PARTIES

1.      Plaintiff Factory Mutual is a corporation duly organized and existing under the laws of Rhode Island, having its offices and principal place of business at 1301 Atwood Avenue, Johnston, Rhode Island  02919.

2.      Plaintiff FM Approvals is a Limited Liability Company duly organized and existing under the laws of Rhode Island, also having offices and its principal place of business at

1301 Atwood Avenue, Johnston, Rhode Island 02919.  FM Approvals is a wholly owned subsidiary of Factory Mutual.

3.     Upon information and belief, Defendant Fire Materials is a corporation organized and existing under the laws of Georgia with its principal place of business located at 2615 S. Industrial Park Avenue, Tempe, Arizona  85282.  Defendant Fire Materials is registered as a foreign LLC with the Arizona Secretary of State.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1114(1), 1121, 1125(a) and (c).

5.     Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship:  (1) Plaintiffs are citizens of Rhode Island by virtue of being incorporated there, while Defendant Fire Materials is a corporation incorporated under the laws of Georgia with a principal place of business in Arizona; and (2) The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     This Court has jurisdiction over the related state statutory and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) because of Defendant Fire Materials' sufficient contacts with this judicial district.  The activities in this judicial district make it fair and reasonable for Fire Materials to be sued in this judicial district.

## FACTS

8.     Plaintiffs (including their predecessors in interest) have been in the business of commercial and industrial property insurance, risk management, loss prevention, fire protection, and property conservation since 1835.  As part of their business, Plaintiffs' services have included on-site testing and inspection of fire sprinkler systems, fire alarm systems, fire extinguishers, and other equipment and materials; consultation services and engineering

guidance regarding risks and the prevention of loss due to fire, natural hazards, and equipment failures; and testing and certification services relating to fire detection equipment, fire alarm equipment, fire suppression equipment, electrical equipment, building materials, and roofing products.

9.      At least as early as 1918, Plaintiffs have continually used marks containing or consisting of the term "FACTORY MUTUAL" or the abbreviation "FM" in connection with their testing, inspection, consultation, engineering, and certification services.  In July 1999, Plaintiffs also began using "FM GLOBAL" and variations thereof as the prominent name and mark associated with their goods and services.  At the time FM GLOBAL was adopted and first used as Plaintiffs' primary mark in 1999, Plaintiffs had nearly $5 billion in assets and employed over 2,000 professionals.  Plaintiffs have used FM GLOBAL continuously since 1999 in connection with their testing, inspection, consultation, engineering, and certification services.

10.      An abbreviated form of FM GLOBAL is "FMG."  Use of the letters "FMG" is and has been a predictable way for Plaintiffs' customers and others in the industry to abbreviate FM GLOBAL.  Since 1999, Plaintiffs' customers and others in the industry have frequently referred to Plaintiffs as "FMG."

11.      Plaintiffs' long-standing use of marks containing or consisting of FACTORY MUTUAL, FM, and FM GLOBAL (collectively hereinafter "Plaintiffs' Marks") in U.S. commerce is accurately described in U.S. trademark registrations and pending U.S. trademark applications owned by Plaintiffs.  Plaintiffs own the following U.S. registrations, all of which are in full force and effect, and the following U.S. applications:

        a.      U.S. Certification Mark Registration No. 1,274,005, issued April 10, 1984, for the mark FM with double triangle design as used by persons authorized by FM Approvals on or in connection with automatic sprinkler systems; hydrants and hose; fire pumps and tanks; portable extinguishers; fixed extinguishing systems; fuel and combustion controls; gas measuring instruments; oil safety shutoff valves; industrial

trucks; electrical equipment; electrical signaling; smoke alarms and fire extinguishers; fill and vent fittings; storage tanks and cans; and safety cans.  Plaintiffs and/or their predecessors in interest have used this mark in this connection in U.S. commerce since at least as early as June 26, 1918.  This Registration has become incontestable under 15 U.S.C. § 1065.

b.    U.S. Certification Mark Registration No. 1,337,406, issued May 21, 1985, for the mark FM within a diamond as used by persons authorized by FM Approvals on or in connection with automatic sprinkler systems; hydrants and hose; fire pumps and tanks; portable extinguishers; fixed extinguishing systems; fuel and combustion controls; gas measuring instruments; oil safety shut off valves; industrial trucks; electrical equipment, electrical signaling; smoke alarms and fire extinguishers; fill and vent fittings; storage tanks and cans; and safety cans.  Plaintiffs and/or their predecessors in interest have used this mark in this connection in U.S. commerce since at least as early as June 26, 1918.  This registration has become incontestable under 15 U.S.C. § 1065.

c.    U.S. Registration No. 2,466,979, issued July 10, 2001, for the mark FM GLOBAL, as used to identify property insurance services, namely, underwriting property insurance, in Class 36.  FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least as early as July 1999.

d.    U.S. Registration No. 2,542,144, issued February 26, 2002, for the mark FM GLOBAL RISK MARK on or in connection with printed insurance reports on property and asset values and risk, and tabulations of property and asset values and risk in the field of loss prevention and underwriting.  FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least September 1998.

e.    U.S. Registration No. 2,740,905, issued July 29, 2003, for the mark FM GLOBAL RISK PROFILE on or in connection with printed insurance reports on assets

and property values, risk, and recommendations to reduce risk and prevent loss to property.  FM Global has used this mark in this connection in U.S. commerce since at least September 1998.

f.      U.S. Registration No. 2,759,938, issued September 2, 2003, for the mark AFFILIATED FM for property and crime loss insurance underwriting, risk management, financial services, namely, arranging for insurance policy customers to finance their premium payments, financial and organizational sponsoring of insurance brokers advisory councils, and property appraisal; insurance engineering services, namely, loss prevention engineering services; and property inspection and testing.  FM Global has used this mark in this connection in U.S. commerce since at least March 1, 2000.

g.      U.S. Registration No. 2,761,550, issued September 9, 2003, for the mark FM GLOBAL RESEARCH on or in connection with scientific research and testing related to loss prevention and property conservation, protection research, materials research, flammability research, structures research, natural hazards research, and risk and reliability research.  FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least May 19, 2002.

h.      U.S. Registration No. 2,761,551, issued September 9, 2003, for the mark FM GLOBAL RESEARCH and design on or in connection with scientific research and testing related to loss prevention and property conservation, protection research, materials research, flammability research, structures research, natural hazards research, and risk and reliability research.  FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least May 19, 2002.

i.      U.S. Certification Mark Registration No. 2,786,030, issued November 25, 2003, for use of the mark FM within a diamond as used by persons authorized by FM Approvals on or in connection with fire detection equipment; fire alarm equipment; fire suppression and extinguishing equipment; equipment for monitoring, handling, storing

and utilizing hazardous gases and liquids; combustion safety equipment; industrial

trucks; building materials; roofing products and assemblies; heat, smoke and explosion

venting equipment; air handling equipment; building and pipe insulation; fire stops; fire

doors; windstorm resistant fenestrations; cooling towers; fire protective coatings;

expanded plastic packaging materials; cable coatings; electrical equipment; hazardous

location electrical equipment; electronic equipment; equipment for protection against fire,

explosion and burglary; and central station monitoring, fire extinguisher recharging, and

servicing of equipment.  Plaintiffs and/or their predecessors in interest have used the

mark in this connection in U.S. commerce since at least as early as June 26, 1918.

      j.      U.S. Certification Mark Registration No. 2,797,130, issued December 23,

2003, for the mark FM with double triangle design as used by persons authorized by FM

Approvals on or in connection with fire detection equipment; fire alarm equipment; fire

suppression and extinguishing equipment; equipment for monitoring, handling, storing

and utilizing hazardous gases and liquids; combustion safety equipment; industrial

trucks; building materials; roofing products and assemblies; heat, smoke and explosion

venting equipment; air handling equipment; building and pipe insulation; fire stops; fire

doors; windstorm resistant fenestrations; cooling towers; fire protective coatings;

expanded plastic packaging materials; cable coatings; electrical equipment; hazardous

location electrical equipment; electronic equipment; and equipment for protection against

fire, explosion and burglary.  Plaintiffs and/or their predecessors in interest have used this

mark in this connection in U.S. commerce since at least as early as June 26, 1918.

      k.      U.S. Certification Mark Registration No. 2,801,999, issued January 6,

2004, for the mark FM APPROVED and design as used by persons authorized by FM

Approvals on or in connection with fire detection equipment; fire alarm equipment; fire

suppression and extinguishing equipment; equipment for monitoring, handling, storing

and utilizing hazardous gases and liquids; combustion safety equipment; industrial

trucks; building materials; roofing products and assemblies; heat, smoke and explosion venting equipment; air handling equipment; building and pipe insulation; fire stops; fire doors; windstorm resistant fenestrations; cooling towers; fire protective coatings; expanded plastic packaging materials; cable coatings; electrical equipment; hazardous location electrical equipment; electronic equipment; equipment for protection against fire, explosion and burglary; and central station monitoring, fire extinguisher recharging and servicing of equipment.  Plaintiffs and/or their predecessors in interest have used this mark in this connection in U.S. commerce since at least as early as December 1980.

l.      U.S. Certification Mark Registration No. 2,856,551, issued June 22, 2004, for the mark FM APPROVALS QUALITY SYSTEM REGISTRATION as used by persons authorized by FM Approvals in commerce on or in connection with product design, manufacture and assembly, servicing of products, and services related to the aforesaid list of services.  FM Approvals has used this mark in this connection in U.S. commerce since at least August 1, 2001.

m.      U.S. Registration No. 2,867,532, issued July 27, 2004, for use of the mark FM APPROVALS in connection with the development of test protocols and the testing and approval of products and services in the field of fire protection and property conservation.  FM Approvals has used this mark in this connection in U.S. commerce since at least May 2002.

n.      U.S. Registration No. 2,867,533, issued July 27, 2004, for use of the mark FM APPROVALS and Design in connection with the development of test protocols and the testing and approval of products and services in the field of fire protection and property conservation.  FM Approvals has used this mark in this connection in U.S. commerce since at least May 2002.

o.      U.S. Certification Mark Registration No. 2,878,458, issued August 31, 2004, for the mark FM APPROVED as used by persons authorized by FM Approvals on

or in connection with fire detection equipment; fire alarm equipment; fire suppression and extinguishing equipment; equipment for monitoring, handling, storing and utilizing hazardous gases and liquids; combustion safety equipment; industrial trucks; building materials; roofing products and assemblies; heat, smoke and explosion venting equipment; air handling equipment; building and pipe insulation; fire stops; fire doors; windstorm resistant fenestrations; cooling towers; fire protective coatings; expanded plastic packaging materials; cable coatings; electrical equipment; hazardous location electrical equipment; electronic equipment; equipment for protection against fire, explosion and burglary; and central station monitoring, fire extinguisher recharging and servicing of equipment.  Plaintiffs and/or their predecessors in interest have used this mark in this connection in U.S. commerce since at least as early as December 1980.

p.      U.S. Certification Mark Registration No. 2,880,092, issued August 31, 2004, for the mark FM APPROVALS QUALITY SYSTEM REGISTRATION and design as used by persons authorized by FM Approvals in commerce on or in connection with product design, manufacture and assembly, services of products, and services related to the aforesaid list of services.  FM Approvals has used this mark in this connection in U.S. commerce since at least August 1, 2001.

q.      U.S. Certification Mark Registration No. 2,897,810, issued October 26, 2004, for the mark FM SPECIFICATION TESTED and design as used by persons authorized by FM Approvals in commerce on or in connection with building materials; roofing products and assemblies; heat and smoke venting equipment; air handling equipment; building and pipe insulation; fire stops; fire doors; fire protective coatings; grouped cables and cable coatings; cleanroom materials; electrical equipment; electronic equipment; soil pipe couplings; industrial fluids; and drum funnels.  FM Approvals has used this mark in this connection in U.S. commerce since at least May 19, 2002.

r.      U.S. Certification Mark Registration No. 2,897,811, issued October 26, 2004, for the mark FM SPECIFICATION TESTED as used by persons authorized by FM Approvals in commerce on or in connection with building materials; roofing products and assemblies; heat and smoke venting equipment; air handling equipment; building and pipe insulation; fire stops; fire doors; fire protective coatings; grouped cables and cable coatings; cleanroom materials; electrical equipment; electronic equipment; soil pipe couplings; industrial fluids; and drum funnels.  FM Approvals has used this mark in this connection in U.S. commerce since at least May 19, 2002.

s.      U.S. Registration No 2,962,596, issued June 14, 2005, for the mark FM GLOBAL RISK REPORT in connection with printed insurance reports on property and asset values, risk, risk reduction, and loss prevention.  FM Global has used this mark in this connection in U.S. commerce since at least September 2002.

t.      U.S. Registration No. 3,003,293, issued October 4, 2005, for the mark FM GLOBAL covering printed insurance reports; insurance engineering services, namely, loss prevention engineering services and property inspection and testing; and scientific research and testing related to property loss prevention.   FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least July 1, 1999.

u.      U.S. Registration No. 3,010,097, issued November 1, 2005, for the mark AFFILIATED FM and Design covering property and crime loss insurance underwriting; risk management; financial services, namely, arranging for insurance policy customers to finance their premium payments, financial and organizational sponsoring of insurance brokers advisory councils, and property appraisal; and insurance engineering services, namely, loss prevention engineering services and property inspection and testing.  FM Global and/or its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least March 1, 2000.

v.      U.S. Application Serial No. 76/576,888, filed February 23, 2004 for the mark FM GLOBAL and Design covering printed insurance reports; property insurance services, namely, underwriting property insurance; insurance engineering services, namely, loss prevention engineering services and property inspection and testing; and scientific research and testing related to property loss prevention.  FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least July 1, 1999.

w.      U.S. Application Serial No. 76/600,326, filed July 2, 2004, for use of the mark FM GLOBAL ADVANTAGE in connection with insurance services, namely, issuing commercial property insurance policies, and commercial property insurance underwriting.  FM Global and its wholly owned subsidiaries have used this mark in this connection in U.S. commerce since at least July 1, 1999.

12.     As a result of Plaintiffs' substantially exclusive, long-standing, and continuous use of their marks in connection with their goods and services, Plaintiffs' Marks are well known to their customers and others in the industry as being associated with Plaintiffs and the quality of Plaintiffs' goods and services.  Plaintiffs' customers now include one of every three Fortune 1000 companies.

13.     Upon information and belief, Defendant Fire Materials provides goods and services that are identical or very similar to those provided by Plaintiffs.  Fire Materials' goods and services are believed to include inspection and testing of fire sprinkler system equipment and fire alarm system equipment; inspection, testing, and maintenance of fire pump equipment, fire extinguishers, and kitchen hood systems and backflow prevention devices; corrective maintenance and systems failure emergency response services; fire protection systems materials, fire alarm and security systems materials, and related programming services; systems installation and project management services; and fire systems monitoring.  Upon information and belief, Fire Materials is using the mark "FMG," the mark "FMG" in stylized form, the mark

"FMG Fire Materials Group," and the mark "Fire Materials Group" (hereinafter "Fire Materials' Marks") in connection with the advertising and promotion of these services and on its website (www.1fmg.com).

14.     Defendant Fire Materials' and Plaintiffs' goods and services are marketed to the same customers and the same types of customers, through the same channels of trade, and upon information and belief, Fire Materials' customers include Fortune 500 companies that have locations in many parts of the United States.  Fire Materials' use of its marks in connection with the same or identical services as Plaintiffs, in the same trade channels as Plaintiffs, has caused actual confusion and is likely to continue to cause confusion.  On information and belief Fire Materials' use of its marks has caused actual confusion in several states, including Alaska, Arizona, Colorado, Florida, North Carolina, and Washington, whereby customers have believed they were dealing with Plaintiffs' employees when in fact they had been dealing with those of Defendant.

15.     According to its current website, Defendant Fire Materials was founded in 2001 by major shareholders and executives of TVA Fire and Life Safety, Inc. (hereinafter "TVA"), an international consulting firm based in San Diego, California that is primarily engaged in fire protection, loss control, and security services.  According to Fire Materials' website, "FMG [Fire Materials] was born out of a significant demand for high quality, dependable, unbiased testing and inspections services that national companies could not obtain from old school safety and security leaders.  The FMG team drew on the lessons learned from over a decade of providing construction management and maintenance services to TVA's retail customers. . . . ."

16.     Upon information and belief, Defendant Fire Materials is the owner of U.S. Trademark Application Serial No. 76/530,299 for use of the mark FMG FIRE MATERIALS GROUP and design (the "FMG Design Mark"), filed in the U. S. Patent and Trademark Office on July 7, 2003, in connection with "fire protection services to businesses, namely, installation

of fire protection systems and maintenance of existing fire protection systems, namely, fire alarm systems and sprinkler systems."  The application alleges a date of first use of January 10, 2003.

17.    Defendant Fire Materials knew or should have known, independently and/or through its relationship with TVA, that Plaintiffs had been and were using Plaintiffs' Marks in connection with Plaintiffs' goods and services prior to the date Fire Materials adopted and began using Fire Materials' Marks, that Plaintiffs' customers and others in the industry were likely to and had in fact used "FMG" as an abbreviation for Plaintiffs' FM GLOBAL mark prior to the date of Fire Materials' adoption and use, that the mark "FIRE MATERIALS GROUP" would likely be abbreviated as "FMG" in the industry, and that Defendant's use of FIRE MATERIALS GROUP and other of Fire Materials' Marks would likely cause confusion, mistake, and deception in view of Plaintiffs' prior use of Plaintiffs' Marks.

18.    On July 1, 2005, counsel for Plaintiffs sent a letter to counsel for Defendant Fire Materials requesting that Fire Materials cease and desist use of Fire Materials' Marks and to withdraw Fire Materials' pending U.S. trademark application.

19.    Counsel for Defendant Fire Materials responded on July 11, 2005, refusing to cease use of Fire Materials' Marks and refusing to withdraw its application.

20.    Factory Mutual filed a Notice of Opposition of U.S. Trademark Application No. 76/530299 for the FMG Design Mark on September 14, 2005, alleging inter alia that Fire Materials' use of the FMG Design Mark had caused and was likely to continue to cause confusion.  Defendant Fire Materials filed its Answer on November 7, 2005, denying Factory Mutual's allegations.  Opposition No. 91166705 is currently pending before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.

21.    Defendant Fire Materials has infringed Plaintiffs' Marks in U.S. interstate commerce by offering its services and advertising its goods and services under Fire Materials'

Marks. Such use of Fire Materials' Marks is without permission or authority of Plaintiffs and has caused and is likely to continue to cause confusion, mistake, and deception.

22.     As a result of the foregoing, the integrity of Plaintiffs' valuable goodwill in Plaintiffs' Marks is at the mercy of Defendant Fire Materials, and the purchasing public is at risk of receiving goods and services of unexpected quality.

23.     Furthermore, issuance of the FMG Design Mark application as a registration, and the continued use of Fire Materials' Marks in connection with Fire Materials' goods and services, will damage Plaintiffs' reputation and goodwill and will cause customers to be confused, mistaken, or deceived as to the affiliation, connection, or association of Fire Materials' services with Plaintiffs, Plaintiffs' goods and services, and/or as to Plaintiffs' sponsorship or approval of Defendant Fire Materials' goods and services.

24.     Upon information and belief, Defendant Fire Materials has marketed its services with full knowledge of Plaintiffs' trademark rights, and Fire Materials' violations of Plaintiffs' rights have been willful and have been committed with the intent to cause confusion, mistake, and deception.

## COUNT I
## Infringement of Federally Registered
## Trademarks/Service Marks
## (15 U.S.C. § 1114(1))

25.     Plaintiffs hereby incorporate by reference all of the allegations in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     This cause of action is for infringement of Plaintiffs' federally registered marks as listed above, pursuant to 15 U.S.C. §§ 1114(1).

27.     Plaintiffs and/or their predecessors in interest and subsidiaries used Plaintiffs' Marks in connection with their goods and services prior to the date Fire Materials used Fire Materials' Marks. Plaintiffs have prominently displayed their marks throughout the United States on goods, in advertising, on promotional material, and on the website

www.fmglobal.com.  As a result of the use of Plaintiffs' Marks in connection with Plaintiffs' goods and services, Plaintiffs' Marks are known to purchasers throughout the United States, and purchasers associate Plaintiffs' Marks with Plaintiffs and Plaintiffs' goods and services. Defendant Fire Materials' use of Fire Materials' Marks in connection with the same or identical services in the same trade area as Plaintiffs is likely to cause confusion.

28.    Defendant Fire Materials' use of its marks in commerce in the United States is confusingly similar to the Plaintiffs' use of their marks.  The services on or in connection with which Defendant Fire Materials uses its marks are identical or related to Plaintiffs' goods and services.

29.    The FMG Design Mark as shown in Defendant Fire Materials' U.S. trademark application is confusingly similar to Plaintiffs' Marks.  The services covered by the application are identical or related to the services which Plaintiffs provide.

30.    Defendant Fire Materials has used colorable imitations of Plaintiffs' Marks in the United States with knowledge of Plaintiffs' rights in Plaintiffs' Marks and despite Plaintiffs' request to stop such use, and as a result, Fire Materials' infringement has been and continues to be willful.

31.    Through its use of the colorable imitations of Plaintiffs' Marks, Fire Materials has infringed Plaintiffs' rights and caused consumers within this judicial district and elsewhere to be confused, mistaken, or deceived as to the source or affiliation of goods and services connected with the marks.  The infringement and related confusion, mistake, and deception will continue if Defendant Fire Materials' use is not enjoined.

32.    Defendant Fire Materials' willful and unauthorized use of colorable imitations of Plaintiffs' Marks has damaged and continues to damage Plaintiffs in an amount to be determined at trial.  Such use has also irreparably harmed Plaintiffs and will continue to irreparably harm Plaintiffs unless and until Fire Materials' unlawful conduct is enjoined. Plaintiffs have no adequate remedy at law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT II
### (Trademark Infringement/False Designation of Origin)
### (15 U.S.C. § 1125(a))

33.     Plaintiffs hereby incorporate by reference all of the allegations in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.     Plaintiffs and/or their predecessors in interest and subsidiaries have used Plaintiffs' Marks in connection with their goods and services since July 1999.  Plaintiffs have prominently displayed their marks throughout the United States in advertising, promotional material, and on the website www.fmglobal.com.  As a result of the use of said marks in connection with Plaintiffs' goods and services, Plaintiffs' Marks are known to purchasers and purchasers have come to associate the marks with Plaintiffs and Plaintiffs' goods and services. Defendant Fire Materials' use of its marks in connection with the same or identical services in the same trade area as Plaintiffs is likely to cause confusion.

35.     Defendant Fire Materials' use of its marks in commerce in connection with its services is likely to cause confusion and constitutes willful infringement of Plaintiffs' rights in violation of 15 U.S.C. § 1125(a).

36.     Defendant Fire Materials' use of Fire Materials' Marks in commerce in connection with its services is a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant Fire Materials with Plaintiffs and Plaintiffs' goods and services, and as to the origin or sponsorship of such services by Plaintiffs, in violation of 15 U.S.C. § 1125(a).

37.     Defendant Fire Materials' attempt to register the FMG Design Mark for use in connection with its services is likely to cause confusion and constitutes willful trademark infringement in violation of 15 U.S.C. § 1125(a).

38.     Defendant Fire Materials' claim of ownership of the FMG Design Mark in connection with its services before the U.S. Patent and Trademark Office is also likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Fire Materials with Plaintiffs, Plaintiffs' goods and services, and the origin or sponsorship of such services by Plaintiffs in violation of 15 U.S.C. § 1125(a).

39.     Defendant Fire Materials' use of its marks willfully infringes Plaintiffs' rights in and to Plaintiffs' Marks.

40.     Unless enjoined, Defendant Fire Materials' use and registration of Fire Materials' Marks in connection with its services will continue to cause consumers to be confused, mistaken, or deceived as to the source, affiliation, connection, or association of Defendant Fire Materials' services.

41.     Defendant Fire Materials' willful and unauthorized use and registration of its marks in connection with its services will damage Plaintiffs' reputation and good will and cause Plaintiffs to suffer irreparable harm, and Plaintiffs will continue to be irreparably harmed unless and until Fire Materials' unlawful conduct is enjoined.

42.     Plaintiffs have no adequate remedy at law and, as such, Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to stop Defendant's present use of its marks and to prevent Defendant's future use of such marks.

## COUNT III
### (Common Law Unfair Competition under Arizona state law)

43.     Plaintiffs hereby incorporate by reference all of the allegations in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     In addition to the federal registrations and rights owned by Plaintiffs as set forth above, Plaintiffs own and enjoy common law rights in Plaintiffs' Marks under Arizona state laws which are superior to any rights that Defendant Fire Materials can claim in and to its use of Fire Materials' Marks.

- 16 -

45.     Defendant Fire Materials' use of its marks is likely to cause and has caused confusion as to the source of Defendant Fire Materials' products and services in that customers and potential customers will be likely to associate or have associated such products and services with and as originating with Plaintiffs, all to Plaintiffs' detriment.

46.     The aforesaid acts of Defendant Fire Materials constitute unfair competition in violation of the common law of the State of Arizona.

47.     By reason of Defendant Fire Materials' acts of unfair competition, Plaintiffs have suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Fire Materials from any further acts of unfair competition.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FM Global and FM Approvals respectfully request that the Court enter judgment in their favor and against Defendant Fire Materials, along with an order that includes:

1.     A finding that Defendant Fire Materials' use of its marks and confusingly similar marks, including any mark that incorporates the letters "FM" or "FMG" or is likely to be abbreviated as "FM" or "FMG," has caused and would be likely to continue to cause (a) confusion, mistake, or deception as to the source of Fire Materials' goods and services; (b) confusion, mistake, or deception as to the affiliation, connection, or association of Fire Materials with Plaintiffs; or (c) confusion, mistake, or deception as to the origin, sponsorship, or approval of the services of Fire Materials by Plaintiffs, and further, that such use infringes Plaintiffs' rights in Plaintiffs' Marks;

2.     A finding that Defendant Fire Materials has willfully and deliberately infringed Plaintiff's trademark rights;

3.     The grant of a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116 enjoining and restraining Defendant Fire Materials (including its officers, agents, servants,

employees, and those persons in active concert or participation with it) from using Fire Materials' Marks or confusingly similar marks (including any mark that incorporates "FM" or "FMG" or is likely to be abbreviated as "FM" or "FMG") in connection with Fire Materials' services, services in the nature of Plaintiffs' services, or services related thereto;

       4.     An order calling for Defendant Fire Materials to withdraw U.S. Application Serial No. 76/530,299 from prosecution and prohibiting Fire Materials from filing any further U.S. or state trademark application for Fire Materials' Marks or a confusingly similar variation (including any mark that incorporates "FM" or "FMG" or is likely to be abbreviated as "FM" or "FMG") in connection with Fire Materials' services, services in the nature of Plaintiffs' services, or services related thereto;

       5.     The grant of monetary relief to Plaintiffs in the form of an accounting and payment by Defendant Fire Materials of an amount equivalent to all financial gains, profits, and advantages derived from its unlawful activities, pursuant to 15 U.S.C. § 1117(a) and (b), but in no case less than statutory damages as provided by 15 U.S.C. § 1117(c);

       6.     The grant of monetary relief to Plaintiffs in the form of an award of compensatory and increased damages in an amount to be proven at trial pursuant to 15 U.S.C. §§ 1117(a) and (b) and 1125, by virtue of Defendant Fire Materials' willful conduct; and

       7.     An award of costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and (b), by virtue of the exceptional circumstances of this case and/or because of Defendant Fire Materials' willful conduct.

       8.     Plaintiffs request that this Court grant such other and further relief as the Court may deem just and proper;

## JURY DEMAND

Plaintiffs request a jury trial.

1

2

3       DATED this 26th day of January, 2006.

4                                       BIVENS & NORE, P.A.

5

6

7                                       By   /s Michael K. Dana
                                             Don Bivens
8                                            Michael K. Dana
                                             3003 North Central Avenue, Suite 1200
9                                            Phoenix, Arizona  85012-2915

10                                      Attorneys for Plaintiff Factory Mutual Insurance
                                        Company and FM Approvals, LLC
11

12   Of Counsel:

13   Clifton E. McCann
     Jacqueline A. Patt
14   Michelle M. Marcus
     Venable LLP
15   575 7th Street, N.W.
     Washington, D.C.  20004-1601
16   Tel:  (202) 344-4000
     Fax:  (202) 344-8300
17

18   446240

19

20

21

22

23

24

25

26

27

28